```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                        :
EVELYN GRAHAM,                                          :
                                                        :        14 Civ. 3192 (PAE)
                              Plaintiff,                :
                                                        :        OPINION & ORDER
                    -v-                                 :
                                                        :
MACY'S INC.,                                            :
                                                        :
                              Defendant.                :
                                                        :
-------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

     Plaintiff Evelyn Graham, proceeding *pro se*, brings claims of failure to accommodate,

discriminatory treatment, and retaliation against Macy's Inc. under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–17.  Macy's moves to dismiss Graham's

Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  For

the following reasons, Macy's motion is granted, but the Court provides Graham leave to amend

her Complaint.

## I.   Background

### A.   Factual Background[1]

     Graham is a 51-year-old woman who suffers from arthritis and bipolar disorder.  Compl.

at 3, 7.  Because of her arthritis, she cannot stand or walk for extended periods of time.  *Id.* at 7.

---

[1] This account of the facts is drawn from Graham's Complaint and the documents attached
thereto, namely, a Notice of Right to Sue letter from the EEOC and a Charge of Discrimination
that Graham filed with the New York State Division of Human Rights ("DHR").  Dkt. 2
("Compl.").  For the purpose of resolving the motion to dismiss, the Court assumes all well-pled
facts to be true, drawing all reasonable inferences in favor of the plaintiff.  *See Koch v. Christie's
Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

On October 17, 2007, Graham began working at Macy's as a bridal consultant. *Id.* Graham alleges that she was a hard-working and successful employee who "gain[ed] a substantial amount of business for the company." *Id.* However, she alleges, Macy's failed to accommodate her disabilities. *Id.* at 3, 7. For example, although Graham was supposed to work a limited number of hours each week, Macy's "continually requested that [Graham] fill in for co-workers when they [were] absent." *Id.* at 7. Macy's also denied her breaks, which exacerbated her medical conditions. *Id.*

In addition to failing to accommodate her disabilities, Graham claims that Macy's subjected her to harassment over a five-year period. *Id.* at 7. This pattern of harassment included taking away Graham's commissions, denying her access to her paychecks and 401K, giving her incorrect paychecks for most of 2008, allowing managers and staff to "take advantage" of her, refusing to accept her resignation in November 2013, and trying to stop payment of her cash pension and unemployment benefits. *Id.* at 3, 7. This harassment continued after Graham filed a complaint with the EEOC in June 2013. *Id.* at 3.

On April 24, 2013, Graham contacted Macy's Employee Connection to report that she "was being mistreated." *Id.* at 8. At the Employee Connection representative's direction, Graham then contacted a third-party compliance company, Global Compliance. *Id.* Graham called Global Compliance for status updates multiple times but never heard back from them or from Macy's Human Resources Department about her complaint. *Id.*

On May 28, 2013, Graham took a leave of absence from Macy's due to her physical and mental health issues. *Id.* at 7–8. Macy's did not set up reasonable accommodations to help Graham return to work. *Id.* at 3.

### B.     Procedural History

On June 11, 2013, Graham filed a charge with the EEOC, alleging that she had faced discrimination on the basis of her disability and had been subjected to retaliation. *Id.* at 3, 5. On January 31, 2014, the Commission issued a Notice of Right to Sue letter. *Id.* at 4, 6. On July 19, 2013, Graham filed a charge with the New York State Division of Human Rights ("DHR"), alleging that Macy's had subjected her to harassment and failed to accommodate her disability. *Id.* at 7. The Complaint does not indicate how DHR resolved Graham's charge. *See id.* at 7–8.

On April 24, 2014, Graham commenced this action. Dkt. 1. Her Complaint alleges failure to accommodate her disabilities, mistreatment because of those disabilities, and retaliation for filing an EEOC charge in violation of the ADA. Compl. at 1–3. As relief, she seeks monetary sanctions including compensatory, emotional distress, and punitive damages. *Id.* at 4. On October 6, 2014, Macy's filed a motion to dismiss, Dkt. 10, along with a supporting memorandum of law, Dkt. 11 ("Def. Br."). On October 30, 2014, Graham submitted her opposition to Macy's motion. Dkt. 13 ("Pl. Br."). On November 14, 2014, Macy's filed its reply. Dkt. 14 ("Def. Reply"). On December 5, 2014, Graham filed a letter attaching an additional document, a Global Compliance "case history" record, that she would like the Court to consider. Dkt. 15 ("Pl. Reply").

## II.     Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly

dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pled factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The District Court is "obligated to construe a *pro se* complaint liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), interpreting it "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 476 (2d Cir. 2006) (citation omitted). Courts may not, however, read into *pro se* submissions claims inconsistent with the *pro se* litigant's allegations, *see Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005), or arguments that the submissions themselves do not "suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted). *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

## III.    Discussion

Graham asserts that Macy's violated the ADA in three ways: by failing to accommodate her disabilities, mistreating her, and retaliating against her for filing an EEOC charge. As a threshold matter, the Court considers whether Graham is disabled within the meaning of the ADA, an essential element of each of Graham's claims. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself,

performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).  The Complaint alleges that Graham has arthritis and, as a result, cannot stand or walk for extended periods of time.  Compl. at 3, 7.  These allegations adequately plead that Graham is disabled, as that term is defined in the ADA.

The Complaint also alleges that Graham has bipolar disorder.  *Id.* at 3.  Bipolar disorder can, in some circumstances, qualify as a disability under the ADA, but the Complaint does not explain how that impairment "substantially limits one or more" of Graham's "major life activities."  42 U.S.C. § 12102(1)(A).  It therefore does not provide sufficient factual allegations to establish that Graham's bipolar disorder was disabling.  *See Kramer v. Hickey-Freeman, Inc.*, 142 F. Supp. 2d 555, 559 (S.D.N.Y. 2001) (finding plaintiff not disabled where "plaintiff's bipolar disorder [did] not substantially limit a major life activity").  Accordingly, in resolving the motion to dismiss, the Court considered only Graham's arthritis, and not her bipolar disorder.

The Court now turns to Graham's three claims.

### A.     Failure to Accommodate

To state a claim for an employer's failure to accommodate a disability, a plaintiff must adequately allege that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."  *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013) (citation omitted).  As noted, Graham alleges that she is disabled as a result of her arthritis, Compl. at 3, and that, with regular breaks and limited hours, she could

succeed as a bridal consultant, *id.* at 7. She has therefore sufficiently pled the first and third elements of a *prima facie* case.

However, the Complaint does not identify when, if ever, Graham notified Macy's of her disability. Similarly, it does not allege that Graham asked Macy's for accommodations, or that Macy's refused her request. Rather, the Complaint alleges only that on April 24, 2013, Graham "report[ed] that [she] was being mistreated," and on May 28, 2013, she began a leave of absence "due to stress, pain, and sanity." *Id.* at 7–8. Based on these generic complaints, the Court has no basis to infer that Graham ever told Macy's about her arthritis, or requested accommodations such as extra breaks or limited hours. Accordingly, the Court must dismiss Graham's failure to accommodate claim. *See Rullan v. N.Y. City Sanitation Dep't*, No. 13 Civ. 5154 (JGK), 2014 WL 2011771, at *8 (S.D.N.Y. May 16, 2014) ("[T]he plaintiff's Amended Complaint contains no allegation that [the employer] knew the plaintiff was disabled, no allegation that the plaintiff sought a reasonable accommodation, and no allegation that [the employer] denied the plaintiff a reasonable accommodation. Because the plaintiff fails to make any factual showing with respect to these elements of his failure to accommodate claim, [that] claim must be dismissed.").

In her opposition to the motion to dismiss, Graham contends that she "did not receive any information" about disability assistance, Pl. Br. 7, that "no one contacted [her] from Macy's Disability Staff Dep[artment]," *id.* at 5, and that she "was not called into HR to discuss ways that [Macy's] could plan reasonable accommodations," *id.* at 7. But the ADA places the onus on the employee to ask for help, not on the employer to proactively offer it. *See MacEntee v. IBM*, 783 F. Supp. 2d 434, 443 (S.D.N.Y. 2011) ("An employee must demonstrate that she suffers from a disability and tell [her] employer about her disability before her employer has 'any obligation to accommodate the disability.'") (quoting *Santiago v. N.Y. City Police Dep't*, No. 05

Civ. 3035 (PAC) (MHD), 2007 WL 4382752, at *8 (S.D.N.Y. Dec. 14, 2007)), *aff'd*, 471 F.

App'x 49 (2d Cir. 2012) (summary order).  In other words, Macy's inaction does not violate the

ADA unless Graham had previously notified Macy's of her disability and requested

accommodations.  *See id.* at 444 ("Defendant cannot be held liable for failing to provide

reasonable accommodations when it had no actual or constructive knowledge of the need for any

accommodations.").

### B.    Discriminatory Treatment

To state a claim for discrimination on the basis of a disability, a plaintiff must adequately

allege that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of

the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or

without reasonable accommodation; and (4) he suffered adverse employment action because of

his disability."  *McMillan*, 711 F.3d at 125 (citation omitted).  Again, Graham has adequately

alleged that she is disabled and was qualified to work as a bridal consultant.  *See* Compl. at 3, 7.

The central question is, therefore, whether Graham suffered an adverse employment action

because of her disability.

The Complaint alleges, among other things, that Macy's took Graham's commissions,

denied her access to her paychecks and 401K, and tried to stop payment of her cash pension and

unemployment benefits.  *See id.*  Refusing to provide pay or benefits to which an employee is

entitled qualifies as a materially adverse action.  *See, e.g., Galabya v. N.Y. City Bd. of Educ.*, 202

F.3d 636, 640 (2d Cir. 2000) (actionable adverse actions include "a decrease in wage or salary"

and "a material loss of benefits") (citation omitted); *Borrero v. Am. Exp. Bank Ltd.*, 533 F. Supp. 2d 429, 438 (S.D.N.Y. 2008) ("unequal pay" is a materially adverse employment action).[2]

However, the Complaint fails to state a claim for discriminatory treatment for two reasons: First, the Complaint does not specify when these adverse employment actions occurred. "[A] claimant pursuing claims under the ADA must file charges with the EEOC within 300 days of the purportedly unlawful acts." *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 851 (2d Cir. 2013) (summary order) (citing 42 U.S.C. § 12117(a)). Graham filed her charge with the EEOC on June 11, 2013, *see* Compl. at 3, and so her claims of discrimination are time-barred if the alleged discriminatory acts occurred before August 15, 2012. Because the Complaint does not allege when, concretely, Macy's denied Graham's pay or benefits, the Court has no basis on which to find her claims timely.

Second, the Complaint does not adequately allege that Macy's took these actions *because of* Graham's disability. *See, e.g.*, *Sneed v. City of N.Y. Dep't of Parks & Recreation*, No. 10 Civ. 299 (WHP), 2011 WL 4542960, at *3 (S.D.N.Y. Sept. 30, 2011) (dismissing complaint where plaintiff "fail[ed] to allege that any purported mistreatment was motivated by discriminatory animus or ill will based on her disability"). It does not, for example, allege that anyone at Macy's made derogatory comments about Graham's arthritis or that Graham's non-disabled co-

---

[2] The Complaint also alleges that Macy's harassed Graham, allowed managers and staff to "take advantage" of her, and refused to accept her resignation. Compl. at 3, 7. These allegations are too vague to state a claim of discrimination. Harassment is unlawful only if it is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). And an employment action violates the ADA only if it "create[s] a materially significant disadvantage in [the plaintiff's] working conditions." *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006). Without more detailed factual allegations about the harassment Graham experienced, or how Macy's took advantage of her, the Court cannot evaluate whether the Complaint satisfies either of these standards.

workers were treated more favorably. *See, e.g., Graham v. Women in Need, Inc.*, No. 13 Civ. 07063 (LGS), 2014 WL 2440849, at *4 (S.D.N.Y. May 30, 2014) (holding that plaintiff "sufficiently ple[d] facts giving rise to an inference that [she] was terminated because of her disability" where complaint alleged that plaintiff's disability was "the subject of contention between Plaintiff and Defendants"); *Thompson v. N.Y. City Dep't of Prob.*, No. 03 Civ. 4182 (JSR) (JCF), 2003 WL 22953165, at *4 (S.D.N.Y. Dec. 12, 2003) ("'[W]hat is needed is the allegation of factual circumstances that permit the inference that plaintiff was subjected to a hostile work environment because of her [disability].'" (quoting *Gregory v. Daly*, 243 F.3d 687, 694 (2d Cir. 2001) (alteration in original)).  Indeed, the Complaint does not even allege that Macy's was aware of Graham's disability.  Without specific factual allegations that support an inference of discriminatory animus, discrimination is no more than one conceivable explanation for Macy's actions.  *See Ortiz v. Standard & Poor's*, No. 10 Civ. 8490 (NRB), 2011 WL 4056901, at *4 (S.D.N.Y. Aug. 29, 2011).  That speculative possibility does not suffice to state a claim for discrimination.

### C.   Retaliation

To make out a *prima facie* case of retaliation, the plaintiff must establish that: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006).  As to the first element, the Complaint alleges that Macy's "continued to harass [Graham] after [she] filed [her] EEOC claim." Compl. at 3.  And at this stage, the Court assumes that Macy's was aware of Graham's EEOC charge. *See* 42 U.S.C. § 2000e-5 ("Whenever a charge is filed by or on behalf of a person claiming to be aggrieved . . .

alleging that an employer . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days.").

However, this claim fails for the reasons discussed above:  The conclusory allegation of "harassment" is too vague to establish that Macy's "took adverse employment action" against Graham, *see* p. 7 & n.2, *supra*, and the Complaint does not provide any allegations that support an inference of a causal connection between the harassment Graham experienced and her protected activity, *see* pp. 8–9, *supra*.  If anything, the Complaint's allegation that Macy's "*continued* to harass" Graham after she filed a charge with the EEOC indicates that the pattern of harassment began before, and therefore was not caused by, Graham's protected activity.

## IV.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires," although "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Granting leave to amend is "futile" if a revised claim still "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  If the problems with a claim are "substantive" rather than the result of an "inadequately or inartfully pleaded" complaint, an opportunity to replead would be "futile" and "should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, new allegations contained in Graham's opposition to Macy's motion to dismiss begin to—although they do not fully—remedy the deficiencies in her Complaint.  In particular, Graham claims that she made an "initial request" for accommodations in 2011, Pl. Br. 5;

"decided to reveal [her] disabilities to Macy's in 2012," *id.* at 2; and did in fact disclose

something in 2012, *id.* at 8.  Additionally, a Global Compliance record that Graham submitted

after Macy's motion to dismiss was fully briefed states that Graham "had a medical restriction

request on 7/13/2012 from her physician for the associate to work 17 1/2 hours only." Pl. Reply

at 5.  Moreover, an unemployment insurance appeal board decision attached to Graham's brief

states that Graham attempted to return from her leave of absence in November 2013, but Macy's

"repeated delays in meeting with [Graham] to discuss workplace accommodations prevented

[her] from returning to her job." Pl. Br. Ex. 1, at 8.  Although "it is axiomatic that the Complaint

cannot be amended by the briefs in opposition to a motion to dismiss," *Weir v. City of New York*,

No. 05 Civ. 9268 (DFE), 2008 WL 3363129, at *9 (S.D.N.Y. Aug. 11, 2008) (citation omitted),

these allegations indicate that Graham may be able to state a viable ADA claim if given leave to

amend.  The Court is also mindful of Graham's status as a *pro se* litigant, who may not,

heretofore, have been familiar with the particular pleading requirements of the ADA.  If an

Amended Complaint alleged, with sufficient detail, that Graham informed Macy's of her

arthritis, and requested limited hours or other accommodations to help her return to work, and

Macy's refused to provide such accommodations, that complaint could state a claim for failure to

accommodate.

   If Graham wishes to file an Amended Complaint, she must do so within 60 days of this

Opinion and Order, *i.e.*, by May 23, 2015.  To revive Graham's failure to accommodate claim,

the Amended Complaint must allege, as specifically as possible, when Graham informed Macy's

of her arthritis and/or bipolar disorder, what accommodations she requested, and how Macy's

responded to those requests.  As to Graham's discriminatory treatment and retaliation claims, the

Amended Complaint must allege, in as much detail as possible, how Macy's harassed or

otherwise mistreated Graham, and why Graham believes that those actions were related to her

disability or the filing of her EEOC charge.

## CONCLUSION

For the foregoing reasons, the Complaint is hereby dismissed without prejudice.  The

Clerk of Court is respectfully directed to terminate the motion pending at docket number 10 and

to close this case.  The Clerk is further directed to reopen this case if Graham files an Amended

Complaint on or before May 23, 2015.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 23, 2015
       New York, New York