Case 16-582, Document 20-1, 03/16/2017, Page 1 of 4

MANDATE

N.Y.S.D. Case #
14-cv-3192(PAE)

16-582
Graham v. Macy's Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.**

PRESENT:
Robert A. Katzmann,
*Chief Judge*,
Amalya L. Kearse,
Debra Ann Livingston,
*Circuit Judges.*

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** ____________
**DATE FILED:** March 16, 2017

---

Evelyn Graham,

*Plaintiff-Appellant*,

v. No. 16-582

Macy's Inc., AKA Macy's Retail Holdings, Inc.,

*Defendant-Appellee*,

Paul A. Engelmayer, District Judge,

*Defendant*.

---

FOR PLAINTIFF-APPELLANT: Evelyn Graham, pro se, New York, NY.



MANDATE ISSUED ON 03/16/2017

FOR DEFENDANT-APPELLEE: David H. Ganz, Gerber & Partners LLP, Wayne, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Evelyn Graham, proceeding pro se, appeals from a judgment in favor of Macy's Inc. ("Macy's) in her suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Upon review, we conclude that the district court properly dismissed Graham's Amended Complaint. Except as discussed below, we affirm the judgment for substantially the reasons stated by the district court in its thorough January 28, 2016 decision.

The district court did not explicitly address several of Graham's allegations. However, we conclude that Graham's unaddressed allegations were also insufficient to state a claim. Graham's allegation that Macy's retaliated against her by opposing her application for unemployment benefits was insufficient to identify "a materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). The opposition was withdrawn after a week, and the application for unemployment benefits, by definition, postdated Graham's employment. And with respect to Graham's allegations that Macy's failed to accommodate her disability by allowing breaks every thirty minutes, she failed to allege that she gave Macy's notice that breaks were needed as a reasonable accommodation.[1] *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006) ("[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." (internal quotation marks omitted)).

Additionally, Graham alleged in her amended complaint and opposition papers that she was denied a reasonable accommodation on her return from a leave of absence in 2013, primarily because Macy's did not engage in an interactive process, as required by the ADA. On appeal, Graham has reframed this claim: she now argues that Macy's violated the ADA by attempting to engage in an interactive process to determine how to accommodate Graham's bipolar disorder, an accommodation Graham never requested. However, we conclude that, even construing her allegations to support a disability-discrimination claim rather than a failure-to-accommodate

---

[1] Graham repeatedly refers to a 2011 medical leave request form, which she attached to her Amended Complaint, as a request for breaks as an accommodation. The document's reference to a short period of time in which Graham would be unable to, inter alia, stand for more than thirty minutes was insufficient to give Macy's notice that breaks would be required *after* she returned from medical leave.

claim, these allegations fail to state a claim because Graham did not plausibly allege that, at the time of her anticipated return from medical leave, she could perform the essential functions of her job despite her disability. *See McMillan v. City of N.Y.*, 711 F.3d 120, 125 (2d Cir. 2013) (listing elements for ADA discrimination claim).

We have considered Graham's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit